U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 10 A 9:38

CLERK
BY LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DANA B. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00307 |
| | ) | |
| JENNIFER SPRAFKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT, GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT, DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTION TO STRIKE, DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, AND GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A SECOND AMENDED COMPLAINT**
(Docs. 17, 25, 27, 31, 33, 36, 37, 49, & 50)

This matter came before the court for a review of the Magistrate Judge's August 7, 2026 Report and Recommendation ("R & R") (Doc. 49), in which the Magistrate Judge recommended that the court grant the motion to dismiss filed by Defendants Jennifer Sprafke, Greg Hale, Joshua Wheeler, Christopher Mattison, and Correctional Officer Bruyette (Doc. 25); dismiss the Amended Complaint (the "AC") filed by Plaintiff Dana B. Martin (Doc. 17); and grant leave to file a Second Amended Complaint (the "SAC"). The Magistrate Judge further recommended that the court deny as moot Plaintiff's motion to amend (Doc. 36) and Defendants' motion to strike (Doc. 33) and that the court deny Plaintiff's motions for appointment of counsel (Docs. 27, 31, & 37). Plaintiff has since filed a motion for an extension (Doc. 50), seeking six months to file the SAC "due to currently being [held] in solitary confinement with no access to legal [materials] for the next five months." *Id.* at 1 (capitalization omitted).

Objections to the R & R were due on August 24, 2026. No objections were filed, and the time to do so has expired.

Plaintiff is a self-represented inmate currently in the custody of the Vermont Department of Corrections at Northern State Correctional Facility. Defendants are represented by Vermont Assistant Attorney General Brendan T. Sage.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his sixteen-page R & R, the Magistrate Judge carefully analyzed the factual allegations and potential causes of action in the AC and recommended dismissing Plaintiff's 42 U.S.C. § 1983 claims against Defendants Mattison, Hale, and Bruyette for failure to plausibly allege their personal involvement in the purported violations of Plaintiff's constitutional rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020) ("[T]he plaintiff must directly plead and prove that 'each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The Magistrate Judge also recommended the court dismiss Plaintiff's procedural due process claims against Defendants Sprafke and Wheeler because he failed to plausibly allege a constitutionally protected liberty interest. *See Flynn v. Bloomingdale*, 2023 WL 4832223, at *3 n.4 (2d Cir. July 28, 2023) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process.") (internal quotation marks omitted) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)). The court agrees with these well-reasoned conclusions and adopts them in full.

## LEAVE TO AMEND

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

It is not evident that leave to amend would be futile in this case. Plaintiff is advised that if a SAC is filed, it will supersede and completely replace the original Complaint and the AC. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An SAC must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1.

Plaintiff has asked for a six-month extension. He contends that he will be in solitary confinement for five months of this time, which seems unlikely unless Plaintiff has committed a major disciplinary infraction. Because factual support for this request

has not been provided, the court GRANTS IN PART Plaintiff's request for an extension but limits it to sixty (60) days from the date of this Order. This should afford Plaintiff ample time to file a SAC. In the event Plaintiff needs additional time, he may petition the court and, in doing so, must more fully explain the facts underpinning his request. **Plaintiff must file his SAC by November 9, 2026, or this case will be dismissed.**

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 49), GRANTS Defendants' motion to dismiss (Doc. 25); DISMISSES the AC (Doc. 17); and GRANTS leave to file a SAC. The court DENIES AS MOOT Plaintiff's motion to amend (Doc. 36) and Defendants' motion to strike (Doc. 33) and DENIES Plaintiff's motions for appointment of counsel (Docs. 27, 31, & 37). Plaintiff's motion for an extension of time to file the SAC is GRANTED IN PART (Doc. 50).

Pursuant to 28 U.S.C. § 1915(a)(3), the court DENIES Plaintiff a certificate of appealability in this matter because Plaintiff has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court